# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06 C 5722 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | Magistrate Judge |
| Commissioner of Social | ) | Arlander Keys |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On December 21, 2007, the Court issued a Memorandum Opinion and Order remanding Douglas Brooks' case to the Commissioner of Social Security. Shortly thereafter, Mr. Brooks' attorney petitioned the Court for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

The EAJA "authorizes the payment of fees to a prevailing party in an action against the United States; the Government may defeat this entitlement by showing that its position in the underlying litigation 'was substantially justified.'" Scarborough v. Principi, 541 U.S. 401, 405 (2004) (citing 28 U.S.C. § 2412(d)(1)(A)). Having won summary judgment in his favor and secured a remand, Mr. Brooks is the prevailing party; indeed, the Commissioner concedes as much, but argues that an award of fees is inappropriate because his position was substantially justified. The Commissioner has the burden of establishing that his position was "substantially justified" –

that it had "a reasonable basis in law and fact." *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006). The Court finds that he has met his burden.

Initially, the Court notes that a loss on the merits does not foreclose a finding of substantial justification; a decision may be substantially justified even if it was not necessarily supported by substantial evidence. *See, e.g., Scarborough*, 541 U.S. at 415 (the fact that the Government lost on the merits does not mean that its position was not substantially justified). Here, that was the case. On summary judgment, Mr. Brooks argued that the decision denying him benefits should be remanded for three reasons. The Court rejected two of Mr. Brooks' arguments outright. With regard to the third, which dealt with Mr. Brooks' credibility and his testimony concerning the limitations his impairments imposed on his ability to work, the Court was forced to agree that the ALJ had failed to satisfy the articulation standards imposed on him by the Social Security Regulations. The Court was quick to point out, however, that valid reasons may exist to doubt Mr. Brooks' testimony; but because the ALJ failed to explain those reasons, remand was appropriate. The ALJ applied the correct legal standards and even mentioned the applicable regulation; he did not, however, sufficiently articulate his reasons for rejecting the evidence establishing that Mr. Brooks was unemployable; nor did he explain the extent

to which he was disbelieving that evidence. Thus, he fell short of the substantial evidence mark. But, given the conflicting evidence, and given the ALJ's minimal articulation concerning credibility, the Commissioner's position in reliance on the ALJ had a reasonable basis in law and fact. Accordingly, the Court finds that an award of fees is not appropriate, despite the fact that the Commissioner lost this time around. See *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992)(the Commissioner's position can still be substantially justified even if the ALJ failed to meet an articulation requirement).

## Conclusion

For the reasons set forth above, the Court finds that the position of the Government was substantially justified. Accordingly, the Court rejects the application for attorney's fees filed by counsel for Mr. Brooks.

Dated: September 3, 2008

ENTER:

*Arlander Keys*
ARLANDER KEYS
United States Magistrate Judge

U.S. DISTRICT COURT
CLERK
2008 SEP -3 PM 2:03
FILED

3